**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Loyd Dean STANLEY, aka Dean
Stanley, Defendant–
Appellant.**

**No. 01–50734.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2002.*

Filed Oct. 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Gregory D. Obenauer, San Diego, CA, for the defendant-appellant.

Patrick K. O'Toole, United States Attorney (on brief), Carol C. Lam, United States Attorney (when opinion was filed), George D. Hardy, Assistant United States Attorney, U.S. Attorney's Office, San Diego, CA, for the plaintiff-appellee.

Before REINHARDT, TROTT and SILVERMAN, Circuit Judges.

## OPINION

SILVERMAN, Circuit Judge.

PacShip Repair and Fabrication Inc., the victim of a kickback scheme, suffered a loss of over $900,000. Because of an error at the time of defendant Loyd Stanley's plea, his restitution liability was capped at $500,000. Stanley's co-defendants paid over $300,000 in restitution, reducing PacShip's loss to nearly $600,000. In this appeal, Stanley maintains that the co-defendants' payments should have been deducted from his $500,000 restitution cap, thus reducing his restitution exposure to less than $200,000. We agree with the district court that the restitution paid by the co-defendants only reduced the victim's loss; it did not reduce Stanley's restitution ceiling. Because PacShip's loss still exceeded $500,000 even after the co-defendants's payments were credited, the district court did not err in ordering Stanley to pay restitution of $500,000.

## I. Background

Stanley was an employee of PacShip, which had a contract with the Navy to perform repairs on aircraft carriers. Gamma Tech Industries, Inc. and Tidelands Testing, Inc., were two of PacShip's subcontractors, and Michael Gallegos was a principal of Gamma Tech and Tidelands. Stanley, who was in charge of overseeing PacShip's contracts with both the subcontractors and the Navy, conspired with Gamma Tech, Tidelands and Gallegos, to receive kickbacks in return for selecting them to perform work on the carriers. Stanley plead guilty to conspiracy to provide and receive kickbacks on Navy contracts in violation of 18 U.S.C. § 371, and filing a false income tax return in violation of 26 U.S.C. § 7206. Gamma Tech, Tidelands and Gallegos also plead guilty to the kickback conspiracy. Stanley was sentenced to fifteen months imprisonment and three years of supervised release, and was ordered to pay restitution of $913,820.50 for which he and his co-defendants were jointly and severally liable.

In a previous appeal, we vacated Stanley's restitution order because, at the time he plead guilty, he had not been adequately advised that he could be ordered to pay restitution in that amount. *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917 (9th Cir.2001). However, because Stanley had been advised that he could be fined up to $500,000, we noted that "[t]he error

would be rendered harmless if the district court resentenced Stanley and Gallegos to an amount of restitution that doesn't exceed the maximum fines of which they were advised." *Id.* at 931.

At resentencing, the government urged the district court to reduce the amount of Stanley's restitution order to $500,000. Stanley agreed that the restitution order could not exceed $500,000, but argued that pursuant to 18 U.S.C. § 3664(j)(2), the $500,000 ceiling should be reduced by $318,000—the amount that Gamma Tech, Tideland, and Gallegos paid to PacShip in settlement of a related civil case. By Stanley's reckoning, his restitution obligation should have been reduced to no more than $182,000—that is, $500,000 minus $318,000. The district court declined to follow that approach. Instead, it subtracted the amount of the co-defendants' payments ($318,600) from PacShip's total loss ($913,820.50), leaving an uncompensated loss of $595,220.50. The district ordered Stanley to pay restitution of $500,000.

## II. Jurisdiction and Standard of Review

█ We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the legality of a restitution order de novo. *United States v. Follet*, 269 F.3d 996, 998 (9th Cir.2001).

## III. Discussion

18 U.S.C. § 3664 provides, in part, as follows:

(f)(1)(A) In each order of restitution, the court shall order restitution to each victim *in the full amount of each victim's losses* as determined by the court and without consideration of the economic circumstances of the defendant.

(B) In no case shall the fact that a victim has received or is entitled to re-

ceive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.

\* \* \*

(j)(2) Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in—

(A) any Federal civil proceeding; and

(B) any State civil proceeding, to the extent provided by the law of the State.

(emphasis added).

█ In other words, when other parties have paid civil damages for the same loss for which a defendant is liable, the calculation of the amount of restitution remaining is a two-step process. First, the court ascertains the full amount of the victim's loss. In this case, that was determined to be $913,820.50. The court then subtracts the amount paid by the other parties. Here, that was $318,625. What is left is the unpaid portion of the victim's loss, in this case, $595,195.50. The amount of a restitution cap does not figure into the equation.

█ The purpose of § 3664(j)(2) is to prevent double recovery by a victim. *See United States v. Cloud*, 872 F.2d 846, 854 n. 10 (9th Cir.1989); *United States v. All Star Indus.*, 962 F.2d 465, 477 (5th Cir. 1992). To prevent double recovery, payments such as those made by Stanley's co-defendants are subtracted from the amount of the victim's loss. To that extent, Stanley may benefit from them. However, such payments have nothing to do with the cap on restitution that resulted from the error at the time of the plea that served to limit the defendant's maximum exposure to no more than a certain amount. There is no question of double recovery here. Accordingly, the district

court correctly subtracted the co-defendants' payments from PacShip's loss, but not from the restitution cap. The $500,000 restitution order imposed on Stanley neither exceeded the restitution ceiling nor authorized a double recovery for the victim.

AFFIRMED.