**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10121 |
| Plaintiff-Appellee, | D.C. No.<br>2:15-cr-00084-GEB-1 |
| v. | |
| DANIEL LESTER HANKINS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted May 14, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and ZILLY,[**] District Judge.

Daniel Lester Hankins was charged with misdemeanor offenses, consented to proceed before a magistrate judge, who imposed a restitution obligation in the amount of $17,605.05, and unsuccessfully appealed to a district judge. He now

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

seeks a second review, raising the following issues: (i) whether the magistrate judge erred in not apportioning the restitution between Hankins and his co-defendant, and (ii) whether the magistrate judge miscalculated the amount of restitution owed by Hankins.

Hankins did not present the first issue to the district judge. We need not decide, however, whether Hankins has waived or abandoned the argument because, even under plain error review, which both parties suggest is the appropriate standard, Hankins cannot prevail on his theory that the magistrate judge's restitution awards result in double recovery. Hankins is entitled to receive credit for any funds paid by his co-defendant and vice versa. *See United States v. Bright*, 353 F.3d 1114, 1121 (9th Cir. 2004); *United States v. Stanley*, 309 F.3d 611, 613 (9th Cir. 2002).

Hankins did raise the second argument on appeal to the district court. Our review of the district court's affirmance of the magistrate judge's restitution award is governed by the same standards as the appeal to the district judge. *See* Fed. R. Crim. P. 58(g)(2)(D); *see also United States v. Stanton*, 501 F.3d 1093, 1099 (9th Cir. 2007). The legality of a restitution order is reviewed de novo. *United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008). The amount of restitution is subject to an abuse-of-discretion standard. *Id.*; *see United States v. Kuo*, 620 F.3d 1158,

1162 (9th Cir. 2010). The underlying factual findings are reviewed for clear error. *Kuo*, 620 F.3d at 1162; *Waknine*, 543 F.3d at 555.

Hankins's contention that the spreadsheet attached as Exhibit A to the government's sentencing memorandum lacked sufficient indicia of reliability to support the magistrate judge's calculation of the restitution amount lacks merit. Unlike the non-itemized victim affidavits in *Waknine*, *see* 543 F.3d at 556-58, Exhibit A provides the date, time, day of the week, vehicle license plate number (which relates to the particular credit card used), amount involved, and location of each fraudulent purchase, and the spreadsheet represents the type of summary routinely admitted as evidence. *See* Fed. R. Evid. 1006.

Hankins's argument that the government failed to show every transaction listed on Exhibit A constituted a theft and was perpetrated by Hankins or a member of his family ignores the burden of proof, which is not "beyond a reasonable doubt," but rather "by the preponderance of the evidence." 18 U.S.C. § 3664(e). Hankins pleaded guilty to 48 counts of theft, all but one of which involved a transaction at "The Mart" in Herlong, California, which is just outside the Sierra Army Depot, where Hankins was working at the time. Of the 24 government credit cards at issue, 20 were used on one or more occasions at "The Mart," and Hankins's uncontroverted misuse at "The Mart" is circumstantial evidence that the other transactions on those cards were likewise improper and linked to Hankins.

3

Similarly, although the government did not proffer direct evidence that Hankins made various purchases in Reno, Nevada, the fact that Hankins routinely traveled to Reno for medical appointments and that the records for 18 cards used at "The Mart" also reflected purchases in Reno constituted sufficient evidence to establish that the Reno transactions were more likely than not tied to Hankins. The government's approach could have been more rigorous, but the magistrate judge did not abuse his discretion in reasoning that, because Hankins was the only person known to be abusing government credit cards during the period at issue, all of the transactions identified in Exhibit A must be attributable to him. The district judge appropriately affirmed the magistrate judge's restitution award.

**AFFIRMED.**