**UNITED STATES of America,**
**Appellee,**

v.

**Christian CARDONA–MANCO,**
**Defendant–Appellant.**

**No. 07–3631–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 2, 2008.

David A. Lewis, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

Daniel S. Silver, Assistant United States Attorney (Emily Berger, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Following a guilty plea in the United States District Court for the Eastern District of New York (Vitaliano, J.), Defendant–Appellant Christian Cardona–Manco was convicted of one count of illegal reentry into the United States, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court adopted an advisory Guidelines range of 70–87 months, granted "a slight downward departure" to adjust for the government's delay in pursuing federal charges against Cardona–Manco during the period he remained in state custody following his violation of state parole, and ultimately imposed a sentence principally of 62 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Cardona–Manco argues that his sentence is procedurally unreasonable because the district court failed to explain why it rejected Cardona–Manco's contention that lower "fast track" sentences imposed in

other jurisdictions demonstrate that a sentence below the Guidelines range would be "sufficient, but not greater than necessary," to fulfill the goals of sentencing, *see* 18 U.S.C. § 3553(a). We review a district court's sentencing determination under an abuse-of-discretion standard. *United States v. Cutler*, 520 F.3d 136, 156 (2d Cir.2008). As relevant here, we must "ensure that the district court committed no significant procedural error, such as ... treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, ... or failing to adequately explain the chosen sentence." *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

Cardona–Manco challenges the adequacy of the district court's statement of reasons, *see* 18 U.S.C. § 3553(c),[1] for the first time on appeal. We thus review this issue for plain error. *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir.2007). "To establish plain error, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights," and (4) that "seriously affects the fairness, integrity or public reputation of the judicial proceedings." *United States v. Nucci*, 364 F.3d 419, 421 (2d Cir.2004) (quotation marks and internal citations omitted).

To the extent Cardona–Manco argues that the district court committed procedural error by failing adequately to address arguments bearing on the § 3553(a) factors or the parsimony clause, we find none here. Although the court did not specifically discuss Cardona–Manco's "fast track"

jurisdiction arguments, "we do not insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually" in order to demonstrate proper consideration of the relevant factors and obligations. *See Villafuerte*, 502 F.3d at 210; *United States v. Ministro–Tapia*, 470 F.3d 137, 141 (2d Cir.2006) ("[A]bsent record proof showing otherwise, we assume the district court's awareness of and compliance with [the] statutory sentencing obligation" set forth in the parsimony clause.); *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir.), *cert. denied*, 549 U.S. 882, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006) ("[W]e will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced.").

Here, the district court acknowledged reviewing the parties' pre-sentencing submissions which addressed whether and to what extent the existence of lower sentences in "fast-track" jurisdictions should bear on Cardona–Manco's case, and heard oral argument on the matter. Before imposing sentence, the court stated that it had "considered under Section 3553 all of the mitigating and enhancing factors that have either been revealed in the pre-sentence report or in the remarks of counsel and of the defendant" and added that it was "trying to factor in all of the circumstances under § 3553(a) and how much is

---

1. Section 3553(c) provides in relevant part:
   The court, at the time of sentencing, shall state in open court the reasons for its imposition of a particular sentence, and, if the sentence—
   (1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or

   (2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and conviction.
   18 U.S.C. § 3553(c).

too much and how much is enough punishment and the like." In light of these statements, there is nothing in the record to suggest that the district court did not properly consider the statutory factors or the parsimony clause's mandate.

A district court's statement of reasons for imposing its chosen sentence "serves the important goals of (1) informing the defendant of the reasons for his sentence, (2) permitting meaningful appellate review, (3) enabling the public to learn why the defendant received a particular sentence, and (4) guiding probation officers and prison officials" in crafting a program which meets the defendant's needs. *Villafuerte*, 502 F.3d at 210. Section 3553(c) does not require the district court to issue "a full opinion in every case." *Rita v. United States*, — U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends on the circumstances." *Id.*

We conclude that the district court did not plainly err in failing to provide a more detailed statement of reasons in this case. When imposing the 62 month sentence—an effective bottom-of-the-Guidelines term—the court explained that it was "trying to factor in all of the circumstances under § 3553 and how much is too much and how much is enough punishment and the like" and that this is a "difficult decision[ ] for a Court which is why we begin ... with the Guidelines." The record as a whole makes clear that the judge listened to each argument and considered supporting evidence. The judge then explained that "given all the mitigating circumstances in [Cardona-Manco's] life, I believe that a sentence at the low end of the Guideline [range] is appropriate." The court's statements thus demonstrate that "the judge rest[ed] his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case" and that the court found this case to be largely typical, putting aside the issue of adjusting for delay. *See id.*; *see also Villafuerte*, 502 F.3d at 211–12. While "the judge might have said more ... the context and the record make clear that this, or similar, reasoning, [underlay] the judge's conclusion." *Rita*, 127 S.Ct. at 2469. Accordingly, we find that the court did not plainly err in failing to explain the decision more extensively.

For the foregoing reasons, the judgment of the district court is AFFIRMED.