08-4246-cr
United States v. Baston

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand nine.

PRESENT: DENNIS JACOBS,
                         <u>Chief Judge</u>,
              PETER W. HALL,
                         <u>Circuit Judge</u>,
              J. GARVAN MURTHA,
                         <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        <u>Appellee</u>,

        -v.-                                    08-4246-cr
WILSON JAMES BASTON, JR., also known
as Will James, also known as Wil
James,

---

[*] J. Garvan Murtha, Senior District Judge of the United States District Court for the District of Vermont, sitting by designation.

                     **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - - - - - -X


**APPEARING FOR APPELLANT:**    J. SCOTT PORTER, Seneca Falls,
                                New York.


**APPEARING FOR APPELLEE:**     GLEN G. McGORTY (Preet Bharara
                                and Daniel A. Braun, on the
                                brief), United States Attorney's
                                Office for the Southern District
                                of New York, New York, New York.

     Appeal from a judgment of the United States District
Court for the Southern District of New York (Baer, J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment of the district court be
**AFFIRMED.**

     Wilson Baston appeals a judgment sentencing him to
seventeen concurrent terms of 135 months imprisonment after
he pled guilty to multiple counts of mail and wire fraud.
Baston argues on appeal that his sentence should be vacated
both because the government breached the plea agreement and
because his own trial counsel provided constitutionally
ineffective assistance.  He also contends that the
restitution order is improper.

     We assume the parties' familiarity with the underlying
facts, the procedural history, and the issues presented for
review.

**[1]**  Baston argues that the government breached the terms of
the Plea Agreement in its sentencing memorandum and at the
sentencing hearing.  We "review interpretations of plea
agreements de novo and in accordance with principles of
contract law."  United States v. Griffin, 510 F.3d 354, 360
(2d Cir. 2007) (quoting United States v. Riera, 298 F.3d
128, 133 (2d Cir. 2002)).  But where--as here--a defendant
fails to preserve an objection to the government's purported
breach of a plea agreement, plain error review applies.
Puckett v. United States, 129 S. Ct. 1423, 1428 (2009).
Plain error review allows (but does not require) vacatur or
reversal if the defendant proves: (1) error; (2) that is
"clear or obvious, rather than subject to reasonable
dispute"; (3) that affected substantial rights, "which in

the ordinary case means . . . that it affected the outcome of the district court proceedings"; and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 1429 (internal quotation marks omitted). Thus, our ability to remedy the error is "strictly circumscribed." Id. at 1428. "Meeting all four prongs is difficult, 'as it should be.'" Id. at 1429 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 n.9 (2004)).

Baston asserts that the government breached when it adopted a higher loss figure in the Revised Pre-Sentence Report ("PSR") and, separately, when it responded to an inquiry of the court at sentencing by disclaiming any reason to question the accuracy of the revised loss figures. Regarding the sentencing memorandum, it is doubtful that the government's memorandum constitutes a breach of any term of the Plea Agreement. By the time of the government's memorandum, Baston's own lawyer had conceded the accuracy of the Revised PSR. It is certainly possible (and Baston has not convincingly argued otherwise) that the district court would have imposed the sentence called for in the Revised PSR on the basis of Baston's concession alone, regardless of the government's statement in its memorandum.

Regarding the sentencing hearing, the government's conduct in this case closely parallels the conduct at issue in Riera. And for the same reasons that the court found no error there, see 298 F.3d at 134, we find no error here.

**[2]** Baston also contends that his trial counsel provided constitutionally ineffective assistance by conceding the accuracy of the Revised PSR and by failing to scrutinize and challenge the loss calculations in the Revised PSR. Ineffective assistance claims are governed by the familiar standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984). "When faced with a claim for ineffective assistance of counsel on direct appeal," this Court may: "(1) decline to hear the claim, permitting the appellant to raise the issue . . . [in] . . . [a] habeas corpus [petition] . . . ; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before [the Court]." United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003). Though these three options remain available to us, there is a "baseline aversion to resolving ineffectiveness claims on direct review," id.

3

(quoting <u>United States v. Salameh</u>, 152 F.3d 88, 161 (2d Cir. 1998)), and the Supreme Court has stated a preference that ineffective assistance claims be resolved in a habeas petition rather than on direct appeal. <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003). Adhering to this guidance, we dismiss Baston's ineffective assistance claims without prejudice to their being re-filed as part of any future habeas proceeding.

**[3]** Baston also argues that the amount of restitution ordered by the district court is improper and should be vacated. We review an order of restitution for abuse of discretion, and we will find error under this standard only if the restitution order "rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." <u>United States v. Pearson</u>, 570 F.3d 480, 486 (2d Cir. 2009) (internal quotation marks omitted). Because Baston did not object at sentencing to the restitution amount, we review his claim for plain error. <u>See</u> <u>United States v. Nucci</u>, 364 F.3d 419, 421 (2d Cir. 2004). Baston fails to articulate a theory of error that is sufficiently "plain" to withstand plain error review.

Finding no merit in Baston's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
By:


_____