UNITED STATES of America, Appellee,

v.

Valentino NUCCI, Defendant– Appellant.

No. 02–1515.

United States Court of Appeals, Second Circuit.

Submitted Dec. 16, 2003.

Decided: April 14, 2004.

Michael A. Young, New York, NY, for Appellant.

Cecil C. Scott, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Kelly T. Currie, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Before: WALKER, Chief Judge, KEARSE and CABRANES, Circuit Judges.

JOHN M. WALKER, JR., Chief Judge.

In this case, we are required to resolve two questions in the context of the Mandatory Victim Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§ 3663A and 3664:(1) whether the district court plainly erred when it established an ambiguous schedule for restitution payments; and (2) whether orders for restitution by co-defendants, each for the full amount of a victim's loss, permit a victim to recover more than the full amount of his loss. We answer the first question in the affirmative and the second, an issue of first impression in this circuit, in the negative.

## BACKGROUND

Defendant-appellant Valentino Nucci appeals from an August 22, 2002 sentence imposed by the United States District Court for the Eastern District of New York (Carol B. Amon, *District Judge*) upon his guilty plea to two counts: conspiracy to commit robbery in violation of 18 U.S.C. § 1951 and use of a firearm during a robbery in violation of 18 U.S.C. § 924(c). The district court sentenced Nucci to terms of imprisonment of 70 and 60 months respectively, to run consecutively, and three years of supervised release. Relevant to this appeal, the district court also ordered restitution of $34,476 and a $200 special assessment under the MVRA. In a finding not challenged on appeal, the district court found Nucci to be responsible for several individual robberies. The various victims suffered losses in the following amounts: (1) Bhadresh Joshi's home ($10,000); (2) La Villa Restaurant ($9,000); (3) Petland Discount Store ($3,876); (4) Delfina Delpozzo's home ($9,700); and (5) Blockbuster Video ($1,900).

Nucci's co-conspirators were previously ordered to pay the same amounts for the same losses to the following victims: (1) Raymond Bell was ordered to pay $9,000 for the La Villa Restaurant robbery; and (2) Anthony Favia was ordered to pay $3,876 and $1,900, respectively, for the Petland Discount Store and Blockbuster Video robberies. Bell and Favia were ordered to pay in installments of $50.00 until their restitution obligations were paid in full.[1]

---

1. The Honorable Eugene H. Nickerson (*District Judge*) of the Eastern District of New York, who presided over the case until his death on January 1, 2002, sentenced Bell and Favia.

## DISCUSSION

On appeal Nucci challenges only the restitution portion of his sentence. Because Nucci failed to object to any aspect of the order of restitution in the court below, we review his arguments on appeal for plain error. Fed.R.Crim.P. 52(b); *United States v. Keppler,* 2 F.3d 21, 23 (2d Cir.1993). To establish plain error, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). If these three conditions are met, "an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Id.* at 467, 117 S.Ct. 1544 (internal quotation marks omitted). Furthermore, "[a]n error is 'plain' if it is 'clear' or 'obvious' at the time of appellate consideration." *United States v. Gordon,* 291 F.3d 181, 193 (2d Cir.2002) (citing *Johnson,* 520 U.S. at 467–68, 117 S.Ct. 1544), *cert. denied,* 537 U.S. 1114, 123 S.Ct. 866 (2003).

### Consideration of the Mandatory Factors and Schedule of Payments

Nucci first argues that, in imposing restitution, the district court failed to consider the mandatory factors set forth in 18 U.S.C. § 3664(f)(2), including Nucci's financial resources and assets, his projected earnings and income, and his financial obligations. He also contends that the district court abused its discretion in failing to set a schedule for the payment of restitution. In 18 U.S.C. § 3664(f)(2), the MVRA directs that "the court shall ... specify ... the schedule according to which[ ] the restitution is to be paid." The schedule is to be made in consideration of the following factors:

(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;

(B) projected earnings and other income of the defendant; and

(C) any financial obligations of the defendant; including obligations to dependents.

*Id.*

We reject Nucci's contention that the district judge committed error, plain or otherwise, by failing to consider 18 U.S.C. § 3664(f)(2)'s mandatory factors in setting his restitution amount. While she did not explicitly recite that she had considered the mandatory factors, there is a sufficient basis in the record to conclude that she had done so. *See United States v. Walker,* 353 F.3d 130, 134 (2d Cir.2003)(concluding that, "in considering restitution sentences imposed under MVRA, we will not vacate and remand, as we did under the prior statute, solely by reason of the sentencing judge's failure to indicate consideration of the mandatory factors").

However, the record here is devoid of a proper payment schedule because there is no way to tell whether the district court ordered Nucci to pay the $34,476 restitution at once or in installments. The judgment's "schedule of payments" simply reads:

Payment of the total fine and other criminal monetary penalties shall be due as follows:

X in full immediately; (Special Assessment)

(Judgment No. CR99–00588(CBA), p. 6). Where a judgment is silent as to the timing of restitution payment, the default rule is that full payment is to be immediate: "A person sentenced to pay ... restitution[ ] shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1).

Here, the judgment refers to a schedule of payments but the schedule is ambiguous. While the district court indicated with its "X" mark that payment was to be "in full immediately," the appearance of "Special Assessment," which follows immediately in parenthesis, indicates that the directive covered *only* the special assessment.

Other circumstances at the sentencing proceeding cast further doubt upon the suggestion that the district court ordered full, immediate payment: the district judge's decision not to impose a fine due to Nucci's inability to pay one ("It's obvious this defendant at this point in his life has no capacity to pay a fine.") and her decision to grant Nucci a downward departure based on his economic hardship ("[O]n the economic arguments made, ... I'm going to depart to the extent I think that I can in good conscience."). Moreover, elsewhere in the judgment, the district court refers to restitution "[p]ayments" in the plural. (Judgment, p. 4.) All of the foregoing leaves us uncertain as to whether the court intended that Nucci pay the entire $34,476 immediately.

A district court may properly order a schedule of restitution payments either by remaining silent as to the timing of payment, which would make such payment due in full "immediately," 18 U.S.C. § 3572(d)(1), or by setting forth a clear schedule. Where, however, there is neither a clear schedule nor silence but instead an ambiguous statement or set of statements, there is plain error. Here, the district court's obvious error necessitates a remand. Accordingly, we vacate and remand to enable the district court to specify the relevant schedule for Nucci's restitution order.

## Apportioning Among Co-defendants and Windfall

Nucci next argues that the district court erred by failing to apportion liability among the co-defendants based on their relative culpability. Nucci also contends that the failure to offset the restitution to be paid by the co-defendants creates the possibility that a victim could receive a windfall by being overcompensated.

■ As a threshold matter, the pertinent statutory provisions establish that the decision whether to apportion restitution among defendants is a discretionary one. *See* 18 U.S.C. § 3664(h).[2] Here, Nucci was sentenced to pay the entire loss even though co-defendants were required to pay portions of the same loss. It has long been the law of this circuit that the restitution obligation may be ordered to be joint and several. *See, e.g., United States v. Tzakis,* 736 F.2d 867, 871 (2d Cir.1984). Thus, it was within the district court's discretion to order that Nucci, who pleaded guilty to a conspiracy to commit multiple robberies, be held jointly and severally liable for the full amount of the restitution.

■ We next turn to Nucci's argument that the district court committed plain error by failing to limit the total recovery by each victim to that victim's actual loss to avoid a windfall.[3] This issue has not been decided in this circuit.

**2.** "If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h).

**3.** While the district court's judgment did not, by its terms, bar double recovery, it did state: "Defendant will receive credit for all payments previously made toward any criminal monetary penalties." (Judgment, p. 6). The judgment did not provide explicitly that the victims' recovery is limited to the amount of their loss nor that each defendant's liability for restitution ceases if and when the victims receive full restitution.

Nothing in the text of the MVRA explicitly prevents double-recovery in the criminal context; nor does it expressly state that the defendant's restitution obligation ceases upon the victim's being made whole by receipt of restitution payments from other co-defendants. Section 3664(f)(1)(A) requires the district court to order restitution in the full amount of the victim's losses and does not mention what the order should provide when multiple defendants are responsible for the same loss.[4] Section 3664(h) provides that, where there are multiple defendants, the district court may order each defendant to pay the full amount or order that liability be apportioned to reflect each defendant's contribution to the loss. Section 3664(j)(2) does limit restitution that would result in an overpayment to the victim, but only where compensatory damages are later recovered by the victim in a "civil" proceeding.[5] Thus, while the relevant sections of the MVRA provide some guidance, the text of the statute itself does not settle the point.

The Seventh and Ninth Circuits have read § 3664(f)(1)(A) and § 3664(j)(2), respectively, as barring recovery of criminal restitution payments beyond the full amount of the loss, although neither provision says so expressly. *See United States v. Dawson,* 250 F.3d 1048, 1050 (7th Cir. 2001) (citing 18 U.S.C. § 3664(f)(1)(A) for the proposition that, in the criminal context, a victim should not receive more in restitution than is required to make it whole); *United States v. Stanley,* 309 F.3d 611, 613 (9th Cir.2002)(stating that "[t]he purpose of § 3664(j)(2) is to prevent double recovery by a *victim* .... To prevent

double recovery, payments such as those made by [the] co-defendants are subtracted from the amount of the victim's loss.") (emphasis added). We reach the same result without reading the statutory language as speaking to double recovery in the criminal context, a matter as to which the provisions are, in fact, silent.

We base our holding on the common law background against which Congress is presumed to legislate. At common law, joint and several liability does not permit double recovery. As we have held, "[t]he effect of joint liability in a tort context is to excuse one defendant from paying any portion of the judgment if the plaintiff collects the full amount from the other." *Smith v. Lightning Bolt Prods. Inc.,* 861 F.2d 363, 374 (2d Cir.1988), citing *Velazquez v. Water Taxi, Inc.,* 49 N.Y.2d 762, 764 (1980). Because reading the statute to provide recovery in excess of the amount of the loss would be in derogation of the common law, Congress would have to speak clearly and unequivocally to authorize it. *See United States v. Texas,* 507 U.S. 529, 534, 113 S.Ct. 1631, 123 L.Ed.2d 245 (1993)("[T]o abrogate a common-law principle, the statute must 'speak directly' to the question addressed by the common law.") (citations omitted). Congress has not done so here; accordingly, we apply the common law rule.

The situation presented in this case, where one defendant was ordered to pay the full loss from five burglaries after his co-defendants had been ordered to pay restitution for some but not all of the burglaries, is but a variation on the same

---

**4.** 18 U.S.C. § 3664(f)(1)(A) states: "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."

**5.** 18 U.S.C. § 3664(j)(2) states: "Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in—
(A) any Federal civil proceeding; and
(B) any State civil proceeding, to the extent provided by the law of the State."

general theme of no double recovery upon orders of joint and several liability. While the district judge could have made it clearer in her restitution order that a given victim would not be allowed to receive compensation in excess of his loss, and probably should have in order to remove the question from all doubt, we will not find error for any failure to do so because, in any event, absent a statutory command, there is no legal basis to permit an award that allows a victim to recover more than his due. We read the First Circuit's decision in *United States v. Scott* as following essentially the same reasoning. 270 F.3d 30, 52–53 (1st Cir.2001) (district court's restitution order read to allow government to hold any individual defendant liable for as much as the court ordered as to that defendant but holding that, consistent with the common law, government may not collect more from all defendants together than will make it whole).

The district court's decision to hold Nucci accountable for the entire $34,476 is in accordance with the MVRA's rules regarding apportionment of liability. Accordingly, we affirm the district court's decision not to apportion the restitution amount and hold that a district court does not commit error by failing to state explicitly that a victim's recovery shall be limited to the amount of its loss.

## CONCLUSION

We have considered all of defendant-appellant's arguments and, for the reasons stated above, we VACATE and REMAND for clarification of the restitution order's schedule of payments and otherwise AFFIRM.