UNITED STATES of America,
Appellee,

v.

Arthur WHEELER Defendant–
Appellant.

No. 03–1733.

United States Court of Appeals,
Second Circuit.

Nov. 10, 2004.

Benjamin S. Waxman, Robbins, Tunkey, Ross, Amsel, Raben, Waxman & Eiglarsh, P.A., Miami, FL, for Appellant.

Benjamin Gruenstein, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Steven R. Peikin, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, FEINBERG, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant-appellant Arthur Wheeler appeals from a judgment of conviction and sentence entered on November 19, 2003,

following a jury trial in the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*). On appeal Wheeler argues that the district court erred in 1) allowing the government, on cross-examination, to ask him about the purpose of proffer sessions he had with federal prosecutors; 2) admitting evidence of various prior "bad acts" allegedly committed by Wheeler; 3) allowing an SEC attorney to testify that Wheeler had, during an interview, "asserted a privilege" in response to questions about his income; and 4) imposing a sentence that was unconstitutional in light of the Supreme Court's decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Familiarity with the facts and proceedings below is assumed. We affirm.

We address each of the foregoing points in turn. As to his first argument, Wheeler did not object at trial to the government's questions regarding the purpose of the proffer sessions; we therefore review the admission of those questions for plain error. *See United States v. Nucci,* 364 F.3d 419, 421 (2d Cir.2004). Given the context in which the questions were asked, Wheeler's testimony that he did not intend to plead guilty in meeting with the government, and the substantial evidence of Wheeler's guilt offered at trial, we conclude that if there was error at all, it was not plain error. *See id.*

■ Second, we review the district court's admission of prior "bad acts" evidence over Wheeler's objection for abuse of discretion. *See United States v. LaFlam,* 369 F.3d 153, 155 (2d Cir.2004). We find that the court did not abuse its discretion in admitting this evidence, as the evidence plausibly tended, at the very least, to establish that American Healthcare's financial statements had not been audited in 1998, that those statements did not accurately reflect the financial condition of the company, and that Wheeler was aware of this fact. Regarding challenged testimony to which Wheeler did not object at trial, we review for plain error, and find none.

■ Nor do we do not find reversible error with respect to Wheeler's third contention, concerning testimony by the SEC attorney. The revelation that Wheeler had "asserted a privilege" first came as a measured response to a rather pointed question by Wheeler's own lawyer. While the government did ask a brief follow-up question on the matter, and while Wheeler did at that point lodge an objection, the witness's response revealed nothing beyond that which had already emerged from his testimony on cross-examination. In light of all the other evidence offered at trial, moreover, this testimony did not ultimately prejudice Wheeler's case.

Finally, Wheeler challenges his sentence on the grounds that it is unconstitutional under the Supreme Court's decision in *Blakely v. Washington.* We recently decided, however, that we would adhere to the existing law of the Circuit until the Supreme Court determines that its reasoning in *Blakely* applies to the United States Sentencing Guidelines. *See United States v. Mincey,* 380 F.3d 102, 106 (2d Cir.2004). Thus, we affirm the sentence imposed on Wheeler by the district court. *See, e.g., United States v. Thomas,* 274 F.3d 655, 664 (2d Cir.2001) (in banc).

We have carefully considered Wheeler's remaining arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004)

494

(mem.), and *United States v. Fanfan*, ——— U.S. ———, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.). Should any party believe there is a special need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.