UNITED STATES of America, Appellee,

v.

Dwayne PEYTON, Defendant–Appellant.

No. 05–4686–cr.

United States Court of Appeals, Second Circuit.

June 19, 2006.

Timothy W. Hoover, Federal Public Defender's Office, Western District of New York, Buffalo, New York, for Appellant.

Stephan J. Baczynski, Assistant United States Attorney, for Kathleen M. Mehltretter, Acting United States Attorney, Western District of New York, Buffalo, New York, for Appellee.

PRESENT: Honorable JOSEPH M. McLAUGHLIN, Honorable REENA RAGGI, Circuit Judges, Honorable KENNETH M. KARAS,[1] District Judge.

### SUMMARY ORDER

Defendant Dwayne Peyton was convicted, as a result of a guilty plea, to a single count of mail fraud in violation of 18 U.S.C. §§ 1341, 1342. On August 24, 2005, he was sentenced to three years' probation and ordered to pay a total of $51,739.36 in restitution to six insurance companies. On this appeal, Peyton challenges only the restitution component of his sentence, arguing that the district court erred in (1) calculating victim loss by reference to information that was shielded from use by U.S.S.G. § 1B1.8,[2] and (2) failing to impose

---

1. The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

2. Because Peyton does not challenge his probationary sentence on this appeal, we need not here consider whether any § 1B1.8 error

resulted in a miscalculation of Peyton's Sentencing Guidelines range, or whether any such error was rendered harmless in light of the district court's substantial downward departure.

restitution jointly and severally with other participants in the fraud scheme. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Amount of Restitution*

The fraud scheme to which Peyton pleaded guilty spanned three years, during which time, the defendant staged numerous fictitious automobile thefts, allowing owners to file fraudulent claims with insurance companies. Although the government was aware of several of these thefts (and the related insurance claims) when it initiated criminal proceedings against Peyton, the defendant himself subsequently disclosed further thefts (leading to the discovery of still more fraudulent insurance claims) during the course of his cooperation with authorities. These disclosures were made pursuant to a proffer agreement in which prosecutors promised that Peyton's admissions would not be used against him. In fact, however, information of the additional thefts and fraudulent claims became public when charges were filed against confederates in the fraud scheme. Relying on this public information, the Probation Department, in an amended Pre–Sentence Report to the district court, reported the full loss amount from the fraud scheme to the district court.

Preliminarily, we note that Peyton does not argue on appeal that the prosecution breached its plea agreement. Nor does he argue that the victims of the crime of conviction did not, in fact, sustain losses in the amount identified in the restitution order. Instead, he asserts that the district court erred, as a matter of law, when it calculated restitution by reference to information he disclosed to the government. Peyton submits that, pursuant to his proffer agreement, such information was shielded by U.S.S.G. § 1B1.8.

We generally review a restitution order for abuse of discretion, but where a defendant charges an error of law, our review is *de novo*. *See United States v. Reifler*, 446 F.3d 65, 120 (2d Cir.2006). The Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub.L. No. 104–132, 110 Stat. 1227, states that "[n]otwithstanding any other provision of law," a district court "shall order" defendants to "make restitution" to their victims for any loss caused by the crime of conviction. 18 U.S.C. § 3663A(a)(1); *see United States v. Reifler*, 446 F.3d at 120. Where, as in this case, the crime of conviction involves a scheme to defraud, the MVRA mandates restitution to "*any* person directly harmed by the defendant's criminal conduct in the course of the scheme." 18 U.S.C. § 3663A(a)(2) (emphasis added); *see also United States v. Boyd*, 222 F.3d 47, 50 (2d Cir.2000). Thus, the district court was here statutorily obligated to order restitution to all known victims of the charged mail fraud scheme.

Sentencing Guideline § 1B1.8 creates no exception to this statutory mandate for victims discovered as a result of Peyton's own cooperation. By its terms, § 1B1.8 shields information provided by a defendant pursuant to certain proffer agreements only from use in the calculation of the defendant's "applicable guideline range." To the extent Peyton attempts to extend this shield to restitution calculations by suggesting that a Guidelines loss determination is a necessary prerequisite to a restitution award, he is wrong. Indeed, this court has repeatedly noted that loss calculations under the Guidelines and the MVRA will often differ. For example, the Guidelines calculate loss by reference to intended as well as actual loss, whereas the MVRA focuses only on the latter; sim-

ilarly, Guidelines loss calculations are not reduced by any restitution or recoupment to date, factors important to MVRA calculation. *See United States v. Reifler*, 446 F.3d at 132–35; *United States v. Carboni*, 204 F.3d 39, 47 (2d Cir.2000). In short, because restitution awards are governed by statute, not by the Guidelines, *see* 18 U.S.C. § 3663A; *id.* § 3664 (defining procedures for awarding restitution); U.S.S.G. § 5E1.1(a)(1) (stating that court shall enter restitution order if authorized under MVRA); *United States v. Silkowski*, 32 F.3d 682, 688 (2d Cir.1994) (holding that federal statutes, "not the Guidelines themselves, ultimately govern[ ] a sentencing court's authority to determine and impose a restitution penalty on a criminal defendant"), we reject Peyton's argument as without merit.

Additionally, although Peyton faults the district court for failing to make explicit findings of fact to support its restitution award, because he concedes that there are no disputed issues of fact with respect to victim losses, only a legal issue about the applicability of U.S.S.G. § 1B1.8 remains. Our resolution of that issue against the defendant makes a remand of this case for further factual findings unnecessary.

2. *Joint and Several Restitution Obligation*

■ Peyton argues that the district court erred in ordering him to pay the full amount of restitution rather than making the obligation joint and several with confederates in the same scheme. Because "the decision whether to apportion restitution among defendants is a discretionary one," *United States v. Nucci*, 364 F.3d 419, 422 (2d Cir.2004); *see* 18 U.S.C. § 3664(h), we will generally not second-guess a sentencing court's decision to impose full liability on any single defendant. At the time Peyton was sentenced, other confed-

erates in the fraud scheme had been charged but not yet convicted. *See United States v. Lucien*, 347 F.3d 45, 54 (2d Cir. 2003) (holding that district court was not required to make defendant's restitution obligation joint and several with entities upon whom court then lacked "authority" to impose restitution order). This fact, together with the law's prohibition against double recovery, should subsequently convicted defendants be ordered to make restitution, *see United States v. Nucci*, 364 F.3d at 423–24, prompts us to conclude that there was no abuse of discretion in this case.

The August 24, 2005 judgment of conviction is hereby AFFIRMED.