UNITED STATES of America,
Appellee,

v.

Sherry LIU, John Chou, Defendants–
Appellants.

Nos. 05–4267–CR(L), 05–4271–CR(CON).

United States Court of Appeals,
Second Circuit.

Sept. 29, 2006.

Andrew L. Fish, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York, N.Y., for Plaintiff–Appellee.

Julia Pamela Heit, New York, N.Y., for Defendant–Appellant Liu.

Robin C. Smith, Brooklyn, N.Y., for Defendant–Appellant Chou.

Present: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Sherry Liu and John Chou appeal from a judgment of the United States District Court for the Southern District of New York (Lynch, J.), ordering them, jointly and severally, to pay restitution in the amount of $1,127,500. We affirm the decision of the District Court. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review the District Court's order of restitution for abuse of discretion. *See United States v. Lucien,* 347 F.3d 45, 52 (2d Cir.2003). We review the court's findings of fact for clear error, and any interpretations of law de novo. *Id.*

We find that the District Court properly ordered restitution under the Mandatory Victim Restitution Act ("MVRA"). The MVRA requires restitution for particular crimes against property, including any offenses committed by fraud or deceit. 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). The statute applies when "an identifiable victim ... has suffered a ... pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B); *see United States v. Catoggio,* 326 F.3d 323, 326 (2d Cir. 2003). A victim is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2); *see United States v. Reifler,* 446 F.3d 65, 135 (2d Cir.2006); *see also Reifler,* 446 F.3d at 135 (noting that proximate cause reflects "ideas of what justice demands, or of what is administratively possible and convenient" (internal citation omitted)).

In making a restitution order, the District Court relied on the following undisputed facts. In August 1996, defendants, through an entity associated with Liu, paid a $120,000 bribe to a Bank of China employee, Patrick Young. Nine months later, in May 1997, Young executed documents that subordinated mortgages held by the Bank of China on defendants' real property to a mortgage securing a new $1,127,500 loan Liu and Chou obtained from another financial institution. In July 1997, Young recommended to his superiors at the Bank of China that the bank extend for another year defendants' $15 million credit facility. In making this recommendation, Young stated falsely that the credit facility was secured by, among other things, first mortgages on defendants' real property. Young made a similar recommendation in 1999. The Chou/Liu entities ultimately defaulted on their loans and the Bank lost a large sum of money. In his plea agreement, Chou specifically stated that he received a benefit of greater than $1 million as a result of the bribe. The District Court did not clearly err in finding that the $120,000 bribe caused the subordination of the $1,127,500 collateral. Likewise, since Liu pleaded guilty to the same offense of bribery as Chou, the District Court did not err ir ordering both defendants to pay the restitution, jointly and severally. *See* 18 U.S.C. § 3664(h); *United States v. Nucci,* 364 F.3d 419, 422 (2d Cir.2004) ("It has long been the law of this circuit that the restitution obligation may be ordered to be joint and several."). Because the Bank of China was directly harmed by the subordination of the collateral, and the bank's subsequent loss of $1,127,500 was a foreseeable result of the subordination, we affirm the District Court's order of restitution.

We have considered all of defendants' remaining arguments and find them to be without merit.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**