**UNITED STATES of America,**
**Appellee,**

v.

**Sheldon HICKS, Defendant–Appellant.**

**No. 06–5599–cr.**

United States Court of Appeals,
Second Circuit.

June 20, 2008.

David Samel, New York, NY, for Appellant.

Peter A. Norling, Assistant United States Attorney (Benton J. Campbell, United States Attorney for the Eastern District of New York, on the brief, William Campos, of counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Circuit Judge, Hon. JANE A. RESTANI,* Judge.

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International

## SUMMARY ORDER

Defendant–Appellant Sheldon Hicks appeals from a judgment entered on December 6, 2006, following his plea in the United States District Court for the Eastern District of New York (Korman, *J.*) to bank robbery, in violation of 18 U.S.C. § 2113. Hicks' sentence included restitution in the amount of $335,384, which is all that Hicks challenges on appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Hicks's wife (and co-defendant) worked at a North Fork Bank branch in Richmond, Queens. Through her, Hicks knew the bank employees' schedule for retrieving deposits from the bank's ATM. Hicks relayed that information to accomplices, who then robbed a bank employee and two guards. A guard, who was shot at close range, suffered life-threatening injuries.

Hicks argues that the restitution order rests on insufficient evidence of the victim's medical expenses, and therefore runs afoul of the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A ("MVRA"). Since Hicks failed to object to the restitution order in the court below, we review for plain error. *United States v. Nucci,* 364 F.3d 419, 421 (2d Cir.2004).

The District Court did not plainly err in fashioning the restitution order. The presentence report described the victim's affidavit of loss and listed his reported expenses by category (medical expenses, physical therapy, and lost income). This information satisfied both the MVRA, 18 U.S.C. § 3664(a), and Fed.R.Crim.P. 32(c)(1)(B).

---

Trade, sitting by designation.

Hicks also argues that the restitution order runs afoul of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny. We rejected the same argument in *United States v. Reifler,* 446 F.3d 65, 113–20 (2d Cir.2006), and decline to revisit that decision here.

We have considered Hicks's remaining claims and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**