11-4959-cr
United States v. Hamdan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## CORRECTED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand fourteen.

PRESENT:  REENA RAGGI,
        DENNY CHIN,
        SUSAN L. CARNEY,
            *Circuit Judges.*

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
            *Appellee*,

            v.                                          No. 11-4959-cr

HASSAN ALI HAMDAN,
            *Defendant-Appellant,*

HENRY AL HALABI, AKA ISAAC, HAIDAR AYOUB, YOUSSEF AYOUB, HUSSEN ALI CHAHINE, AKA HUSSEIN, MOHAMAD HASSAN ELREDA, WADIE JAAFAR, ALI ATA SALEH, MAHDI TALEEB, AYMAN JAAFAR, AKA ABU JAMEEL, AKA MOHAMMAD, YOUNES EL SALEH,
            *Defendants.*[*]

-----------------------------------------------------------------------

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

APPEARING FOR APPELLANT:     PETER J. TOMAO, ESQ., Garden City, New York.

APPEARING FOR APPELLEE:      WALTER M. NORKIN (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 22, 2011, is AFFIRMED.

Defendant Hassan Ali Hamdan, who stands convicted on a guilty plea of trafficking in counterfeit goods, see 18 U.S.C. § 2320, appeals that part of the judgment of conviction requiring him to pay $36,138 in restitution pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A–3664. Hamdan asserts that the record evidence was insufficient to require him to reimburse certain expenses for which he argues he is not responsible. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We ordinarily review restitution orders under the MVRA for abuse of discretion. See United States v. Vilar, 729 F.3d 62, 96 (2d Cir. 2013). Here, however, Hamdan did not raise his instant objections before the district court, there challenging restitution only on his purported inability to pay. Thus, we review for plain error, which we may remedy in our discretion only if "(1) there is an error; (2) the error is clear or obvious, rather than

2

subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Marcus, 560 U.S. 258, 262 (2010) (internal quotation marks and alterations omitted). In so reviewing, we conclude that Hamdan's challenge fails because he cannot establish that any purported error was clear or obvious.

First, Hamdan's sufficiency argument fails on the merits. The district court adopted the recommendations of the Probation Department in the Presentence Report ("PSR"), which were based upon letters that included a breakdown of the specific costs incurred by the Intellectual Property Enforcement Company, Inc. ("IPEC"), a trade group that represents clothing brands and investigated Hamdan's counterfeiting activities. These materials provided a sufficient basis for the challenged restitution order. See 18 U.S.C. § 3664(a) (requiring that district court order probation officer to include in PSR "information sufficient for the court to exercise its discretion in fashioning a restitution order"); see also United States v. Gushlak, 728 F.3d 184, 195–96 (2d Cir. 2013) (stressing that MVRA requires only "reasonable approximation" of losses). And absent any objection from Hamdan, the district court acted well within its discretion in relying on such evidence. See United States v. Amato, 540 F.3d 153, 162–63 (2d Cir. 2008) (affirming MVRA award predicated on declaration and memorandum from law firm employed by victim that "assisted in gathering and producing evidence necessary to the government's

prosecution"); see also United States v. Newell, 658 F.3d 1, 35 (1st Cir. 2011) ("As it does not appear that [defendant] disputed the inclusion of allegedly repaid amounts in the PSR or at sentencing, we do not discern any abuse of discretion on this score.").

Second, the district court properly exercised its discretion to order restitution for the cost of IPEC's travel and its destruction of counterfeit goods. Under the MVRA, a defendant must "reimburse the victim for lost income and necessary child care, transportation and other expenses incurred during participation in the investigation or prosecution." 18 U.S.C. § 3663A(b)(4) (emphasis added). The cost of IPEC's representatives' travel from their office in California to the investigation site in New York easily fell within the highlighted statutory language. See id. The same conclusion obtains as to the costs of destroying counterfeit merchandise because we have construed § 3663A(b)(4) as giving district courts "broad authority" to determine which "other expenses" may be awarded in a restitution order. United States v. Amato, 540 F.3d at 159–61 (interpreting "other expenses" to cover attorneys' fees and accounting expenses); cf. United States v. Maynard, No. 12-5106(L), --- F.3d ---, 2014 WL 684987, at *6 (2d Cir. Feb. 24, 2014) (holding not compensable "gratuitous" expenses that served "no investigatory purpose").

In urging otherwise, Hamdan emphasizes that a separate forfeiture statute requires a defendant to pay for the destruction of counterfeit material. See 18 U.S.C. § 2323(b)(2)(B). But forfeiture and restitution are distinct measures. See generally

4

United States v. Torres, 703 F.3d 194, 203 (2d Cir. 2012) (explaining different purposes underlying forfeiture and restitution). That Congress has provided a separate means for obligating a defendant to pay for the destruction of forfeited goods does not detract from its direction that victims be compensated for necessary expenditures to minimize their losses from criminal activities, including the destruction of counterfeit goods. Thus, we identify no error in the district court's award of restitution for amounts incurred in IPEC's destruction of counterfeit goods.

Third, Hamdan was properly required to pay restitution relating to the counterfeiting activities at the "Blu Gear" warehouse. The MVRA authorizes restitution for those who were "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including," where the crime is conspiracy, "any person directly harmed by the defendant's criminal conduct in the course of the . . . conspiracy." 18 U.S.C. § 3663A(a)(2); accord United States v. Reifler, 446 F.3d 65, 135 (2d Cir. 2006).

Here, we cannot say that the district court plainly erred in finding that Hamdan was sufficiently involved in the counterfeiting activities at the Blu Gear warehouse. Hamdan transported counterfeit goods and proceeds derived therefrom on behalf of co-defendant Younes El Saleh, who worked closely with co-defendant Wadie Jafaar, the operator of the Blu Gear warehouse, in orchestrating the counterfeiting and money laundering conspiracies. Hamdan also discussed the federal authorities' raid on El Saleh's

5

warehouse with him. Thus, we identify no "clear or obvious" error in the district court's decision to adopt, without objection, the recommendation in the PSR that Hamdan be held liable for the restitution associated with the Blu Gear warehouse. See United States v. Paul, 634 F.3d 668, 677 (2d Cir. 2011) (upholding restitution award where defendant's conduct was "significant part of the greater fraud"); see also 18 U.S.C. § 3664(h) (permitting court to "make each defendant liable for payment of the full amount of restitution").

Finally, we reject Hamdan's invitation to remand with instructions to consider his economic circumstances in apportioning liability because that decision is committed firmly to the discretion of the district court. See 18 U.S.C. § 3664(h) (permitting district court to "apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant"); United States v. Nucci, 364 F.3d 419, 422 (2d Cir. 2004) ("[T]he pertinent statutory provisions establish that the decision whether to apportion restitution among defendants is a discretionary one.").

We have considered Hamdan's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court