*United States v. Frenkel*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 8th day of March, two thousand seventeen.

Present:    ROBERT A. KATZMANN,
                     *Chief Judge*,
                ROSEMARY S. POOLER,
                GERARD E. LYNCH,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                v.                                                        No. 15-2660

EPHRAIM FRENKEL,

                        *Defendant-Appellant*.

_____

For Defendant-Appellant:          PETER J. TOMAO, Garden City, NY.

For Appellee:                             ANDREW S. DEMBER (Micah W.J. Smith, *on the brief*),
                                                  Assistant United States Attorneys, *for* Preet Bharara, United
                                                  States Attorney for the Southern District of New York, New
                                                  York, NY.

Appeal from the United States District Court for the Southern District of New York (Román, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Ephraim Frenkel appeals from a judgment of conviction and sentence entered against him on August 17, 2015, by the United States District Court for the Southern District of New York (Román, *J.*). Following a jury trial, Frenkel was convicted on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and on one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 2.[1] The evidence adduced at trial showed that Frenkel fraudulently induced Citigroup to lend Frenkel's co-conspirator Mark Stern — and entities controlled by Stern — $126 million to finance the purchase of shopping malls. Frenkel did so in his capacity as the escrow agent on the loan transactions, fabricating a series of documents to support fictitious closing costs and otherwise misrepresenting the extent to which Stern had invested his own capital in the acquisition of the malls. On appeal, Frenkel contends that the district court erred in precluding him from introducing evidence of Citigroup's alleged negligence in conducting due diligence on the loan transactions and that the district court improperly instructed the jury on the standard for materiality. He further contends that the district court erred in determining that the loss amount attributable to Frenkel's offense under the Sentencing Guidelines was $70 million and in ordering Frenkel to make restitution to Citigroup in the joint and several amount of $70 million. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons that follow, we affirm.

---

[1] The trial proceeded before the Honorable Warren W. Eginton, of the United States District Court for the District of Connecticut, sitting by designation. Prior to sentencing, the case was reassigned to the Honorable Nelson S. Román.

We review evidentiary rulings, such as the district court's decision to preclude Frenkel from arguing that Citigroup was negligent, for abuse of discretion. *See United States v. Kelley*, 551 F.3d 171, 174 (2d Cir. 2009). "We will find an abuse of discretion only where 'the trial judge ruled in an arbitrary or irrational fashion.'" *Id.* at 175 (quoting *United States v. Pipola*, 83 F.3d 556, 566 (2d Cir. 1996)). Frenkel's argument that the district court erred in precluding him from arguing that Citigroup was negligent fails because a victim's negligence is not a defense under the federal fraud statutes. *See United States v. Thomas*, 377 F.3d 232, 240–43 (2d Cir. 2004) (upholding conviction for travel fraud and "refus[ing] to accept the notion that the legality of a defendant's conduct would depend on his fortuitous choice of a gullible victim," *id.* at 243 (internal quotation marks omitted)). The essential elements of the crime of wire fraud "are (1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme." *United States v. Greenberg*, 835 F.3d 295, 305 (2d Cir. 2016) (internal quotation marks omitted). A victim's negligence negates none of those elements. Moreover, Frenkel's argument is irreconcilable with the Supreme Court's holding in *Neder v. United States* that the "common-law requirements of 'justifiable reliance' and 'damages' . . . plainly have no place in the federal fraud statutes." 527 U.S. 1, 24–25 (1999).

"We review challenged jury instructions *de novo* but will reverse only if all of the instructions, taken as a whole, caused a defendant prejudice." *United States v. Bok*, 156 F.3d 157, 160 (2d Cir. 1998); *see also United States v. Moran-Toala*, 726 F.3d 334, 344 (2d Cir. 2013) (noting that a non-structural error in jury instructions is harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error" (internal quotation marks omitted)). In proving the first element of wire fraud (a scheme to defraud), the government must prove that the misrepresentations at issue were material. *See*

*United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000). Frenkel argues that the district court erred in instructing the jury that the materiality of the misrepresentations was to be assessed from the objective perspective of a reasonable person, rather than from the subjective perspective of the victim. In support, he relies on the Supreme Court's observation in *Neder* that "[i]n general, a false statement is material if it has 'a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.'" *Neder*, 527 U.S. at 16 (quoting *United States v. Gaudin*, 515 U.S. 506, 509 (1995)). However, *Neder* itself makes clear that the definition of materiality for purposes of wire fraud, mail fraud, and bank fraud, was incorporated from the common law, *id.* at 22–23, and that, at common law, a matter is material if "*a reasonable man* would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question," *id.* at 22 n.5 (emphasis added). *See also United States v. Lindsey*, 827 F.3d 865, 869 (9th Cir. 2016) (quoting *Neder*'s definition of materiality in reviewing elements of wire fraud and noting that "[t]he element of materiality is evaluated under an objective test, in which the Court must examine the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end" (internal quotation marks omitted)). In any event, to the extent the district court should have instructed the jury using *Neder*'s formulation of materiality, *cf. United States v. Litvak*, 808 F.3d 160, 170, 172 (2d Cir. 2015), any such error was harmless. There was overwhelming evidence in the record that Frenkel's misrepresentations influenced Citigroup's decision to approve the $126 million loan.

Next, Frenkel challenges the district court's determination at sentencing that Frenkel was responsible for $70 million in loss under § 2B1.1 of the Sentencing Guidelines. We review a district court's loss determination under the Guidelines for clear error. *See United States v. Lacey*, 699 F.3d 710, 719 (2d Cir. 2012). "[B]ecause the sentencing court 'is in a unique position

4

to assess the evidence and estimate the loss based upon that evidence,' the sentencing court's 'loss determination is entitled to appropriate deference.'" *Id.* at 720 (quoting U.S.S.G. § 2B1.1 cmt. 3(C)).

The Guidelines define loss in relevant part as pecuniary harm that resulted from the offense "that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." U.S.S.G. § 2B1.1 cmt. 3(A)(iv); *see also id.* § 2B1.1 cmt. 3(A)(i). Frenkel primarily argues that he could not have foreseen the collapse in the real estate market that led Citigroup to sell the shopping malls at foreclosure for a significant loss after Stern defaulted on the loans. But an unforeseeable decline in the value of collateral is not relevant to calculating loss under § 2B1.1 of the Guidelines. *See United States v. Turk*, 626 F.3d 743, 749 (2d Cir. 2010) (rejecting substantially the same argument because, under § 2B1.1, "the decline in value in any purported collateral need not have been foreseeable to [the defendant] in order for her to be held accountable for th[e] entire [unpaid principal]"). Here, Frenkel knew or reasonably should have known that default — and the attendant loss to Citigroup of unpaid principal that could not be recovered through foreclosure — was a potential result of deceiving Citigroup into extending a loan that did not meet its underwriting standards. Frenkel's argument that his conduct did not cause Citigroup to enter into the loan transactions is squarely belied by the record. The district court was required only to "make a reasonable estimate of the loss," U.S.S.G. § 2B1.1 cmt. 3(C), and it did not commit clear error in doing so here.

Finally, Frenkel challenges the district court's restitution order, arguing that the district court erred (1) in failing to reduce the amount of restitution to account for funds that Citigroup had recouped from certain law firms and (2) in failing to provide that the amount of restitution would be reduced by Citigroup's recovery of its loss from others. We review challenges to

5

restitution orders imposed pursuant to the Mandatory Victims Restitution Act for abuse of discretion, and because Frenkel did not object below, our review here is for plain error. *See United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012). Frenkel's arguments fail because the district court imposed joint and several restitution, such that Citigroup is not entitled to recover from Frenkel what it has already recovered from others (as would be prohibited under the Mandatory Victims Restitution Act regardless). *See United States v. Nucci*, 364 F.3d 419, 424 (2d Cir. 2004) (holding that a district court does not err in failing to specify in a restitution order "that a given victim would not be allowed to receive compensation in excess of his loss," as "there is no legal basis to permit an award that allows a victim to recover more than his due"). In other words, the restitution order already effectively does what Frenkel wants it to do, just not as explicitly as he would prefer. The district court did not commit plain error. Regardless, we would expect the government to notify Frenkel should others pay Citigroup monies that would reduce the amount of restitution owed by Frenkel so that he could move for a modification of the restitution order. *See, e.g.*, *United States v. Dawson*, 250 F.3d 1048, 1051 (7th Cir. 2001) ("[W]ere [the defendant's] co-schemers to pay [the victim] any amounts in restitution, we expect that the government would notify [the defendant] of that occurrence so that [he] could properly file a request for modification of restitution. *See* 18 U.S.C. § 3664(j)(2).").

We have considered all of the defendant's arguments on this appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6