*United States v. Brizard*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand seventeen.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

        v.                                   No. 14-4730

MARVIN BRIZARD,

     *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR APPELLANT: | Lawrence Gerzog, Esq., New York, NY. |
| FOR APPELLEE: | Emily Berger, Tanisha R. Payne, Assistant United States Attorneys *for* Bridget M. Rohde, Acting United States Attorney, Eastern District of New York, Brooklyn, NY. |

Appeal from judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 22, 2014 judgment entered by the District Court is **AFFIRMED**.

Marvin Brizard appeals the sentence that the District Court imposed on him after his conviction by a jury of conspiracy to file fraudulent tax returns, filing fraudulent tax returns, wire fraud, and aggravated identity theft. The District Court sentenced Brizard to 84 months' imprisonment. That reflected a downward variance from the applicable Guidelines range of 94-111 months. The court also imposed forfeiture and restitution obligations and a term of supervised release. On appeal, Brizard argues for the first time that the District Court's sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

We review unpreserved claims of procedural errors in sentencing for plain error. *See United States v. Wagner-Dano*, 679 F.3d 83, 89 (2d Cir. 2012). We find none here. Brizard argues that the District Court erred by failing to consider the sentencing factors set out in 18 U.S.C. § 3553(a) other than his criminal conduct, and failing to explain the sentence it imposed, as required by 18 U.S.C. § 3553(c). The sentencing transcript reveals, however, that the District Court explained the basis for Brizard's sentence on the record and in detail, considering (in addition to characteristics of Brizard's offense) his personal circumstances and his attempt to deflect culpability for his actions to others. On plain error review, that explanation sufficed. *See United States v. Cavera,* 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (explaining that, in imposing sentence, "a brief statement of reasons will generally suffice where the parties have addressed only straightforward, conceptually simple arguments to the sentencing judge" (internal quotation marks omitted)).

Brizard also asserts that the District Court erred procedurally when it failed to ensure that Brizard himself had read and understood the presentence report, as required by Federal

Rule of Criminal Procedure 32(i)(1)(A). But upon questioning by the District Court, Brizard's attorney acknowledged, in Brizard's presence and without objection from Brizard, that he had "reviewed the presentence report with [his] client." Appellant's App. 18. On plain error review, that acknowledgement satisfies Rule 32. *See United States v. Algahaim*, 842 F.3d 796, 800 (2d Cir. 2016).

Brizard next contends that the District Court plainly erred by failing, during the sentencing hearing and in the written judgment, to specify that he is responsible for restitution on a joint and several basis with his codefendant. When sentencing Brizard's codefendant, the District Court (Cogan, *J.*) ordered that the codefendant be responsible for restitution jointly and severally with Brizard in the exact amount that Brizard was ordered to repay. *See* Judgment, *United States v. Antoine*, No. 1:12-CR-772 (BMC), ECF No. 14, at 5 (E.D.N.Y. Jun. 17, 2015). Because "there is no legal basis to permit an award that allows a victim to recover more than his due," *United States v. Nucci*, 364 F.3d 419, 424 (2d Cir. 2004), the amount of restitution for which Brizard is ultimately responsible must be reduced if his codefendant makes payments toward the total restitution owed, regardless of whether the judgment form denotes that Brizard is jointly and severally liable, *see United States v. Frenkel*, 682 F. App'x 20, 23–24 (2d Cir. 2017). The District Court's oversight in failing to mark the obligation as joint and several, even if error, therefore does not amount to plain error. *See id.*[1]

Brizard also challenges the substantive reasonableness of his sentence. Our Court has not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence, *see United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008), but we need not reach that issue here. Instead, as we have in similar circumstances, we "assume for purposes of this appeal that the abuse-of-discretion standard applies." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). Brizard urges that this Court's decision in *Algahaim*, in which we vacated a sentence "driven by the loss

---

[1] Although the District Court's error does not require remand, we note here, as we did in *Frenkel*, that "we would expect the government to notify [Brizard] should others pay [to the victim] monies that would reduce the amount of restitution owed by [Brizard] so that he [can] move for a modification of the restitution order." 682 F. App'x at 24.

amount," compels vacatur of his sentence here. 842 F.3d at 800. Unlike in *Algahaim*, however, the District Court chose the sentence for Brizard that it did not only in light of the loss amount, but also because of Brizard's conduct: the court noted that Brizard "took advantage" of his victims, continued the criminal scheme over an extended, six-year period, and—even at sentencing—avoided taking personal responsibility for the crime, preferring to maintain that he was "caught up with some bad people," in the face of trial testimony revealing that Brizard oversaw the fraudulent scheme. Appellant's App. 26-27. We perceive no abuse of discretion in the below Guidelines sentence.

* * *

We have considered Brizard's remaining arguments on appeal and conclude that they are without merit. The judgment of the District Court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court